UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HEBEI MIGHTY SYNTHETIC RUBBER AND PLASTIC CO. LTD.,

                              Petitioner,

                  -v-

GLOBAL SYN-TURF, INC.,

                              Respondent.

21 Civ. 10674 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioner Hebei Mighty Synthetic Rubber and Plastic Co. Ltd. ("Hebei") filed a petition to confirm an arbitral award (the "Award") issued by the International Centre for Dispute Resolution, pursuant to section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. Dkt. 1 ("Petition"). After respondent Global Syn-Turf, Inc. ("GST") failed to respond to the petition, Hebei moved for default judgment in the amount of $471,213.46, with interest, in accordance with the Award. Dkt. 14 ("Motion"). Treating Hebei's motion as one for summary judgment, the Court grants the motion, confirms the Award, and awards judgment in the amount of $471,213.46, plus interest, for the following reasons.

I. **Background**

    A. **Factual Background**[1]

        1. **The Agreement**

Hebei, a Chinese manufacturer of synthetic turf, and GST, a California corporation, entered into the Exclusive Agency Agreement (the "Agreement") regarding the manufacturing,

---

[1] The Court's account of the underlying facts of this case is drawn from Hebei's petition to confirm the arbitral award, Dkt. 1 ("Petition"), including the Exclusive Agency Agreement, Dkt.

marketing, and sale of a particular type of synthetic turf.[2] Petition ¶¶ 1–2, 7. The Agreement included an arbitration clause that provided that any disputes arising out of or relating to the Agreement be settled through friendly negotiation and, if such negotiation failed, through submission of the case for arbitration by the American Arbitration Association ("AAA").[3] *Id.* ¶ 9; Agreement at 10, 19. The Agreement provided for a one-year term, starting on April 15, 2015 and ending on April 14, 2016, subject to an extension on the same terms. Agreement at 11, 19. The submitted materials leave unclear whether the Agreement was extended, and the arbitrator found no need to resolve that question. Award at 29.

### 2. Arbitration Proceedings

At some point "[i]n or about" 2017, the parties had various commercial disputes regarding the quality and specifications of the product. Petition ¶ 10. On February 20, 2019, GST initiated arbitral proceedings with the International Centre for Dispute Resolution ("ICDR"), a division of the AAA. *Id.* ¶ 11; *see* Dkt. 1-4 at 2. On August 27, 2019, the tribunal, which consisted of a single arbitrator, issued a partial award confirming the tribunal's jurisdiction over the dispute and finding that the seat of the arbitration was New York. Petition ¶ 12; *see* Dkt. 1-4 at 20–21.

---

1-3 ("Agreement"), and the final award, Dkt. 1-5 ("Award"); and Hebei's submissions in support of its motion for default judgment, Dkt. 14 ("Motion").

[2] Hebei submitted certified English translations of the Agreement, which was drafted in Chinese, from both parties. *See* Dkt. 1 ¶ 8; Dkt. 1-2 ¶ 3. The translations vary slightly. *Compare* Agreement at 7–12, *with id.* at 15–20.

[3] Hebei's translation of the Agreement states that any outstanding disputes must be submitted to the "American Arbitration Commission." Petition ¶ 9. However, as it appears that no such organization exists, and Hebei now seeks to enforce the AAA's resolution of the parties' dispute, this discrepancy in the translations does not bear on the Court's decision.

On March 5, 2021, the tribunal closed the hearing, following discovery, virtual hearings, and pre- and post-hearing submissions. *See* Petition ¶¶ 13–15. On May 17, 2021, the arbitrator rendered the final award (the "Award"), which awarded Hebei: (1) contractual damages in the amount of $130,788, (2) costs of arbitration and legal fees in the amount of $312,046.71, (3) reimbursement in the amount of $28,378.75, and (4) interest at the statutory rate of nine percent per annum on the contractual damages and costs, from 30 days of the date of the Award until payment is made. *Id.* ¶¶ 18–19; Award at 83. The tribunal denied two requests by GPT for clarification and modification of the award, save for one clarification, and reaffirmed the Award. Petition ¶¶ 20–21; Dkts. 1-6, 1-7.

GST has "failed and/or refused to honor or satisfy" the Award. Petition ¶ 22.

**B.      Procedural History**

On December 14, 2021, Hebei filed the petition to confirm the Award. Dkt. 1. On March 31, 2022, after more than 90 days had passed since Hebei filed the petition, the Court ordered Hebei to advise the Court as to why it had not yet served GST. Dkt. 6. On April 18, 2022, Hebei served GST. Dkt. 9. On July 18, 2022, after GST had not responded to Hebei's petition, the Court ordered Hebei to show cause as to why the case should not be dismissed for failure to prosecute. Dkt. 10.

On August 8, 2022, Hebei moved for default judgment against GST. Dkt. 14. On August 10, 2022, the Court issued an order stating that it would treat Hebei's motion as a motion for summary judgment. Dkt. 15. The Court directed Hebei to submit additional materials, if any, supporting its motion by August 16, 2022, with GST's opposition due August 30, 2022. *Id.* Hebei did not submit additional materials, and GST still has not appeared in this case.

3

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). "The FAA provides a 'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an arbitration panel's decision great deference.").

"A court's review of an arbitration award is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Loc. 32B-32J*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the

4

arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; and *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the nonmoving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). And in determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam) (internal quotation marks omitted).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitral award, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production,

then 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" *Vt. Teddy Bear Co.*, 373 F.3d at 244 (emphasis in original) (citation omitted).

### B. Analysis

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as Hebei has shown that there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted by the parties and provided a thorough explanation of the findings supporting the Award. *See, e.g.*, Award at 37–39, 54–66. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," *Landy Michaels Realty Corp.*, 954 F.2d at 797 (citation omitted), and, by all indications, a more than colorable one. Accordingly, the Court confirms the Award in favor of Hebei for a total amount of $471,213.46, plus interest in accordance with the Award. *See* Award at 83.

Under 28 U.S.C. § 1961, awards of post-judgment interest in civil cases are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). In particular, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-

judgment interest in case arising from arbitration). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the foregoing reasons, the Court grants Hebei's motion, confirms the Award, and issues judgment in the amount of $471,213.46, plus interest in accordance with the Award and post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Clerk of Court is respectfully directed to terminate the motion pending at docket number 14 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 8, 2023
      New York, New York